# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

UNITED STATES OF AMERICA,

        **Plaintiff,**

     **v.**                            **CASE NO.** 21-40111-HLT

NICHOLAS JOSEPH SMITH,

        **Defendant.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

At all times relevant to this Indictment

### Introduction

1.     The defendant, Nicholas Joseph Smith, engaged in a scheme to defraud Central National Bank ("CNB") of approximately $2.7 million. The defendant's scheme also included submitting false disaster assistance applications to Farm Services Agency ("FSA"), the successor agency of the Farmers Home Administration and an agency of the United States Department of Agriculture ("USDA"), resulting in an overpayment of $89,998.

2.      The defendant was a resident of St. Paul, Kansas.

**CNB**

3.      CNB, based in Junction City, Kansas, was a federally insured financial institution as defined in 18 U.S.C. § 20, and a financial institution as defined in 31 U.S.C. § 5312.

4.      In 2018, the defendant sought a lending relationship with CNB.  The defendant applied for two loans from CNB totaling $2,750,000.00:  one to refinance his outstanding loans with other lenders and purchase cattle, and one to provide financing for the defendant's operating expenses related to farming, livestock, and other businesses.

5.      In connection with the loan process, the defendant submitted financial statements to CNB, including a Balance Sheet dated March 5, 2018.  The defendant certified that the information on these financial statements was true and correct and was material to CNB's review and consideration of the defendant's loan requests.

6.      Also, in connection with the loan process, representatives from CNB conducted site visits and inspections to review the defendant's proposed collateral, to include a tour of purported crops, cattle, and equipment.  The defendant represented that he owned all the assets shown to CNB, and this proposed collateral was material to CNB's review and consideration of the defendant's loan requests.

**USDA**

7.      The United States Department of Agriculture, Commodity Credit Corporation (CCC), a wholly owned government corporation, funds government subsidies given to farmers and is administered by the FSA. The FSA has the responsibility of

collecting, approving, and servicing all applications made or insured by the FSA under the various farm loan and subsidy disaster assistance programs of the USDA. The basic objective of the FSA subsidy disaster programs is to provide financial assistance to farmers and ranchers during declared disaster periods. In March 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, a federal law designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

8.      The Coronavirus Food Assistance Program ("CFAP"), administered by the USDA, was designed to help farmers and ranchers offset the financial impacts caused by the COVID-19 pandemic.  Individuals submitting a CFAP application were required to certify, under penalty of perjury, that all information in the application was true and correct.

9.      On July 7, 2020, and on September 23, 2020, the defendant submitted CFAP applications based on the same collateral the defendant represented that he owned in the financial statements submitted to CNB.  As a result, the defendant received a CFAP payment of $63,378.00 based on the livestock he purported to own, and a CFAP payment of $26,620.00 based on some of the same livestock he purported to own.

**The Scheme**

10.      Beginning in or about April 2018, and continuing to in or about November 2020, the defendant Nicholas Joseph Smith devised a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud CNB and FSA, by submitting false documentation and information to CNB and FSA, causing CNB and FSA to extend loans,

lines of credit, and disaster assistance payments to the defendant that would not have been extended but for the false documentation.

          11.    It was part of the scheme that:

          a.    between May 2018, and October 2020, the defendant submitted to CNB quarterly Borrowing Base Certificates along with balance sheets certifying that the identified assets were a true and correct representation of the collateral pledged to CNB, including his ownership in and values of livestock, crops, harvested grain inventory, equipment, and accounts receivable, when in fact the defendant knew that some of the assets did not exist, were overvalued, or were owned by third parties;

          b.    on May 17, 2018, the defendant signed loan documents with CNB that incorporated his balance sheet showing a list of purported prepaid expenses relied upon by CNB to extend loans to the defendant, including $552,012.50 to H3 Seed purporting to be for seed, chemical and fertilizer; at CNB's request for documentation of the prepaid expenses, the defendant submitted three (3) invoices from H3 Seed knowing that these invoices were false;

          c.    the defendant submitted a false invoice from JWC Farms purporting to be for the purchase of cattle, knowing that the invoice was false, and causing CNB to release loan proceeds on June 25, 2018 to the defendant in the amount of $98,000.00, by writing a check to Jeffery W. Church on June 21, 2018 in the amount of $98,00.000, and then depositing a check from Jeff Church on June 25, 2018 in the amount of $98,000.00 into the defendant's personal account at a separate financial institution;

d.      on August 17, 2018, the defendant wrote a check to Zachary A. Collard in the amount of $101,680.00, purporting to be for the purchase of cattle, knowing that no such purchase had been made, causing CNB to release loan proceeds to the defendant on August 23, 2018, in the amount of $101,500.00, and subsequently on August 24, 2018 and August 30, 2018, Collard issued checks to the defendant in the total amount of $101,680.00 which the defendant deposited into his personal checking account without the knowledge of CNB;

e.      the defendant caused CNB to wire $75,000 on December 5, 2018, to Roy E Carter Farms, based on a fraudulent invoice from Roy Carter Farms purportedly for the purchase of seed, when the defendant knew that the invoice was false and the debt to Carter was partial payment to settle a lawsuit;

f.      the defendant negotiated a Workout Agreement with CNB in November 2020, and signed affidavits on November 11, 2020, representing his ownership and valuation for a list of items pledged as collateral to CNB, when the defendant knew that a significant number of these items were non-existent or destroyed;

g.      on November 11, 2020, representatives from CNB conducted an inspection of the defendant's pledged collateral including cattle, equipment, crops, and stored grain purportedly owned by the defendant, when the defendant knew that the cattle and equipment in fact belonged to other persons, and the reported amount of stored grain was less than reported to CNB;

h.      on July 7, 2020, the defendant submitted a CFAP application to FSA claiming cattle sales and inventory resulting in a disaster assistance payment of $63,378,

when in fact the defendant did not own any cattle;

   i.  on September 23, 2020, the defendant submitted a second CFAP application to FSA claiming some of the same cattle inventory resulting in a disaster assistance payment of $26,620, when in fact the defendant did not own any cattle;

## COUNTS 1 – 7

### BANK FRAUD
### [18 U.S.C. § 1344]

  12.  Paragraphs 1 through 11 are incorporated herein by reference as though fully restated.

  13.  On or about the dates set forth below, in the District of Kansas, the defendant,

### NICHOLAS JOSEPH SMITH,

knowingly executed and attempted to execute a scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of Central National Bank, a federally insured financial institution, by means of materially false and fraudulent pretenses, representations, and promises as follows:

| Count | On or About Date | False Representation to CNB |
|---|---|---|
| 1 | 5/17/2018 | Balance Sheet, Borrowing Base Certificates and Loan Application falsely listing cattle valued at $827,700.00, prepaid expenses valued at $552,140.00, and machinery and equipment valued at $1,102,920.00. |
| 2 | 4/13/2018 | False invoices purporting to be from H3 Seed ostensibly for the purchase of seed, fertilizer, and chemicals in the total amount of $552,012.50. |
| 3 | 6/20/2018 | False invoice purporting to be from JWC Farms |

| | | |
|---|---|---|
| | | ostensibly for the purchase of cattle in the amount of $108,000.00. |
| 4 | 8/17/2018 | Check written to Zachary A. Collard in the amount of $101,680.00, falsely representing the payment to be for the purchase of cattle when no such purchase had been made, causing CNB released loan proceeds to the defendant in the amount of $101,500.00. |
| 5 | 12/5/2018 | False invoice purporting to be from Roy Carter Farms ostensibly for the purchase of seed in the amount of $75,000.00. |
| 6 | 11/11/2020 | Affidavits of the defendant falsely representing the defendant's purported ownership and valuation of a list of collateral pledged to CNB. |
| 7 | 11/11/2020 | Collateral review whereby the defendant showed representatives from CNB collateral such as cattle and equipment he purportedly owned when in fact the collateral belonged to another individual. |

In violation of Title 18, United States Code, Section 1344(2).

## COUNTS 8 – 9

### FALSE STATEMENT ON LOAN AND CREDIT APPLICATIONS
### [18 U.S.C. § 1014]

14.     Paragraphs 1 through 13 are incorporated herein by reference as though fully restated.

15.     On or about the dates set forth below, in the District of Kansas, the defendant,

**NICHOLAS JOSEPH SMITH,**

knowingly made false statements for the purpose of influencing the action of Central National Bank, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, as follows:

| Count | On or About Date | False Statement to CNB |
|-------|------------------|------------------------|
| 8 | 5/17/2018 | Balance Sheets the defendant submitted to CNB in support of his loan application, representing that he owned assets including $827,700.00 of cattle and $1,102,920.00 of machinery and equipment, when in fact a significant number of these assets were non-existent, destroyed, or otherwise significantly overvalued |
| 9 | 11/11/2020 | Affidavits of the defendant submitted to CNB in support of a Workout Agreement representing his ownership and valuation for a list of items pledged as collateral to CNB, when in fact a significant number of these items were non-existent or destroyed |

In violation of Title 18, United States Code, Section 1014.

## COUNTS 10 – 11

### FALSE STATEMENT ON LOAN AND CREDIT APPLICATIONS
### [18 U.S.C. § 1014]

16.    Paragraphs 1 through 15 are incorporated herein by reference as though fully restated.

17.    On or about the dates set forth below, in the District of Kansas, the defendant,

**NICHOLAS JOSEPH SMITH,**

knowingly made false statements for the purpose of influencing the action of Farm Services Agency, the successor agency of the Farmers Home Administration and an agency of the United States Department of Agriculture, as follows:

8

| Count | On or About Date | False Statement to FSA |
|---|---|---|
| 10 | 7/7/2020 | CFAP application falsely representing cattle sold between January 15, 2020 and April 15, 2020 and cattle inventory owned between April 16, 2020 and May 14, 2020. |
| 11 | 9/23/2020 | CFAP application falsely representing cattle inventory owned between April 16, 2020 and August 31, 2020. |

In violation of Title 18, United States Code, Section 1014.

## FORFEITURE NOTICE

18.     The allegations contained in Counts 1 through 11 of this Indictment are hereby  realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2) and Title 28, United States Code, Section 2461.

19.     Upon conviction of one or more of the offenses set forth in Counts 1 through 11 of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or is derived from proceeds of such violations.  The property to be forfeited includes, but is not limited to, the following:

> A.  A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 1 through 11.

20.     If any of the property described above, as a result of any act or omission of the defendant:

> A.     cannot be located upon the exercise of due diligence;
>
> B.     has been transferred or sold to, or deposited with, a third party;

9

C.    has been placed beyond the jurisdiction of the court;

D.    has been substantially diminished in value; or

E.    has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p).


A TRUE BILL.



December 8, 2021                       s/Foreperson
DATE                                  FOREPERSON OF THE GRAND JURY



DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: /s/ Christine E. Kenney
CHRISTINE E. KENNEY
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: Christine.kenney@usdoj.gov
Ks. S. Ct. No. 13542



IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

## PENALTIES

**Counts 1 – 7      [Bank Fraud, 18 U.S.C. § 1344]**
**Counts 8 – 11     [False Statement on Loan and Credit Applications, 18
                    U.S.C. § 1014]**

- Punishable by a term of imprisonment of not more than thirty (30) years.  18 U.S.C. § 1344; 18 U.S.C. § 1014.

- A term of supervised release of at not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $1,000,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Restitution and Forfeiture.