**In the United States District Court
for the District of Kansas**

---

**United States of America**,
          Plaintiff,

v.                                        Case No. 21-cr-40111-HLT

**Nicholas Joseph Smith**,
          Defendant.

---

**Sentencing Memorandum**

---

The parties jointly request that the Court adopt the binding plea agreement we reached and sentence Mr. Smith to 30 months in the Bureau of Prisons. The present record is littered with interesting and complicated legal questions and potential factual disputes upon which the parties have compromised. The parties believe that resolution of those questions and litigation of those issues is unnecessary; a 30-month sentence is sufficient, but not greater than necessary to punish Mr. Smith for his crime. So, Mr. Smith withdraws all outstanding objections to the presentence investigation report.

Below, we explain the legal questions and factual issues that motivated our agreement. We don't represent that the government agrees with our analysis jot-for-jot; it doesn't. But the government does agree that considering the present record, a 30-month sentence is appropriate.

1. **The presentence report calculations.**

The presentence investigation report concludes that Mr. Smith should be sentenced at offense level 22 and CHC II, with a resulting guideline range of 46-57 months. (Doc. 68, ¶ 78). We disagreed, lodging a number of objections. (*Id.*, ¶ 119-129, ¶ 142-146, ¶ 152-155). As explained above, we withdraw those objections.

2. **The issues the binding plea resolves.**

The binding plea agreement here resolves more than the sentencing guideline objections referenced above. Rather, the agreement compromised on several difficult issues. We discuss both sets of issues below.

**2.1 The loss calculation.**

Application note 3(E) to USSG § 2B1.1 explains that loss shall be reduced by certain amounts recovered by the lender. We knew from discovery that some funds, and sometimes significant amounts, had been recovered. One recovery we knew about, for example, was just over $280,000. At our request, the government asked Central National Bank for a full accounting of items that the guidelines might consider credits against loss. The bank's response was not helpful. As the expert we had retained opined,

> After reviewing the email from CNB to Joshua Bender dated July 24, 2023, I believe there insufficient information to form a reliable opinion whether Mr. Smith caused more than 1.5 million dollars in loss, as that term is used by the United States Sentencing Commission, to CNB.

We had two choices: we could request a series of subpoenas and litigate what we believed would be the resulting motions to quash, or we could attempt to negotiate

the issue. The government approached this problem in good faith, and we reached a reasonable compromise concerning a loss amount. We believe the government's fair and reasonable approach avoided a great deal of litigation and resulted in a just compromise. We ask the Court to ratify that agreement.

### 2.2  Criminal history issues.

The presentence investigation report assesses two criminal history points because Mr. Smith was twice convicted of operating a vehicle without an ignition interlock device. (Doc. 63, ¶ 52, 53). The Probation Office relies heavily on a Second Circuit case, which we believe is eminently distinguishable. (D.E. 68 at 23, n. 3). One of the factors the Court would have to resolve to decide this issue has created a circuit split on which the Tenth Circuit has not yet spoken. (*Id*. at 22, n. 2). We think we would have prevailed on this objection; if we had, Mr. Smith's criminal history would be I with a resulting guideline range of 41-51 months.

Further, the pretrial services report indicated that the criminal history point assessed in ¶ 51 had been expunged.

| 08/25/2010 (Age 23) | Neosho County District Court; Chanute, KS; Docket No.: 10CR195 | Assault | 08/28/2012: Sentenced to 30 days incarceration. |
|---|---|---|---|
| According to records, this case has been expunged. | | | |

The Probation Office is certainly correct that the Pretrial Services report is prepared quickly and the convictions included are often unverified. (D.E. 62, ¶ 139). But, we requested records from Neosho County four times and were told that this conviction was expunged. We would have continued to pursue Neosho County

3

records had we not withdrawn our objection, because elimination of this criminal history point would have enabled Mr. Smith to receive a two-level downward adjustment under USSG § 4C1.1 as a zero-point offender. (D.E. 68 at 153).

**2.3 The § 2B1.1(b)(17)(A) enhancement.**

PSR ¶ 39 enhanced Mr. Smith's offense level by two points, alleging that he derived more than a million dollars in gross receipts from a financial institution. We objected because Application note 13(A) requires individual receipt of those funds, and much of the loan was to pay off a prior loan from another bank, which received the proceeds. (D.E. 68 at ¶ 144-146). We didn't find a Tenth Circuit case on point, and Probation didn't cite one. (*Id.* at ¶ 149-151). The compromise we arrived at avoided litigation of the issue.

**3. § 3553(a) considerations.**

First, Mr. Smith has already served more than five months in custody for conduct relevant to the offense. As a result of CNB's collection efforts, Mr. Smith was jailed for civil contempt for 153 days. The Bureau of Prisons will not give him jail credit for these five months.[1] But that jail term nonetheless remains punishment the Court can consider when evaluating the appropriateness of the binding plea agreement.

---

[1] Federal Bureau of Prisons Program Statement 5880.28 at 1-15A (1997) ("Time spent serving a civil contempt sentence prior to trial and/or sentencing does not constitute presentence time credit toward the sentence that is eventually imposed."); *United States v. Wilson*, 503 U.S. 329, 337 (1992) (BOP determines time credit issues, not the courts); *Ochoa v. United States*, 819 F.2d 366, 371-2 (2nd Cir. 1987) (time spent in custody for civil contempt will not be counted toward a federal sentence); *Armstrong v. Lappin*, 630 F.Supp.2d 73 (D.C. D.C. 2009) (same).

Second, Mr. Smith has been on pretrial release since December 13 of 2021. (D.E. 5). For about 27 months, he has "complied with all Court ordered conditions of release." (D.E. 68 at ¶ 8), which is strong evidence that he will remain law-abiding when released from his prison sentence.

The binding plea agreement to a sentence of 30 months was, and remains, a fair resolution of a case that involves a panoply of thorny issues. Mr. Smith has accepted responsibility, waived several important constitutional rights, and foregone weighty objections to the guideline calculations. The parties ask that the Court honor our agreement and sentence him to 30 months.

Respectfully submitted,

s/Kirk C. Redmond
Kirk C. Redmond, #18914
First Assistant Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603
Phone: (785) 232-9828
Fax: (785) 232-9886
Email: kirk_redmond@fd.org

s/Mitch E. Biebighauser
Kirk C. Redmond, #18914
Assistant Federal Public Defender
850 Epic Center
Wichita, Kansas 67202
Phone: (316) 269-6170
Fax: (316) 269-6175
Email: mitch_biebighauser@fd.org

**CERTIFICATE OF SERVICE**

 I certify that on April 2, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

s/Kirk C. Redmond<br>
Kirk C. Redmond, #18914